UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MAHMOOD HURAB, R. PH.,
SYLVIA TELLEZ, C. PH. T., and
READY PHARMACY I, INC.,

     Defendants.

**COMPLAINT FOR VIOLATION OF THE CONTROLLED SUBSTANCES ACT**

     Plaintiff, the United States of America, brings this action for civil penalties against Defendants Mahmood Hurab, R. PH, Sylvia Tellez, C. PH. T. and Ready Pharmacy for violation of the Controlled Substances Act, as amended, 21 U.S.C. § 801, *et seq.* (the "CSA"). In support of its claims, the United States of America hereby alleges upon information and belief as follows:

<u>JURISIDICTION AND VENUE</u>

     1.    This Court has jurisdiction over this action pursuant to 21 U.S.C. §§ 842(c) and 28 U.S.C. §§ 1331, 1345, and 1355.

     2.    Venue is proper in the District of New Mexico pursuant to 28 U.S.C. §§ 1391, 1395(a) in that the acts and omissions described herein and giving rise to the claims asserted herein occurred in the District of New Mexico.

<u>PARTIES</u>

3.      Defendant Ready Pharmacy I, Inc. is a corporation incorporated and operating in the State of New Mexico.

4.      Defendant Ready Pharmacy I, Inc. has also gone by the names of Rede Pharmacy, Inc., Rede Partnership, Ready Pharmacy, and other variations of the foregoing. To the extent that these are separate entities, they are all owned by Defendant Hurab and/or Defendant Tellez. The United States may amend the Complaint if any of these are separate entities and were involved in the allegations in this Complaint.

5.      Defendant Ready Pharmacy I, Inc. was a registrant under the Controlled Substances Act.

6.      Defendant Ready Pharmacy I, Inc. at all relevant times operated a retail pharmacy, Ready Pharmacy.

7.      Defendant Hurab was a registrant under the Controlled Substances Act.

8.      Defendant Hurab was the pharmacist in charge at Ready Pharmacy and officer of Ready Pharmacy I, Inc.

9.      Defendant Tellez was a pharmacy technician at Ready Pharmacy and officer of Ready Pharmacy I, Inc.

10.      Defendants Hurab and Tellez owned Ready Pharmacy I, Inc..

11.      Defendant Hurab surrendered Ready Pharmacy I, Inc.'s DEA registration (Registration No. BR6438774) on May 4, 2016.

12.      Defendant Hurab surrendered his DEA registration (Registration No. MH2404995) for cause on March 1, 2016.

## CONTROLLED SUBSTANCES ACT

13.     The Comprehensive Drug Abuse Prevention and Control Act of 1970, also known as the Controlled Substances Act, 21 U.S.C. §§ 801-971, and the regulations promulgated thereunder ("the CSA") govern persons that manufacture, distribute, and dispense controlled substances.

14.     The CSA defines a controlled substance as drugs or other substances that are included in one of five schedules and classified based upon the potential for abuse, danger, and medicinal value of the drug or other substance.

15.     The CSA requires anyone who manufactures, distributes, dispenses, or prescribes controlled substances to register with the Attorney General of United States, Department of Justice, through the Drug Enforcement Administration ("DEA"). 21 U.S.C. § 822.

16.     DEA assigns each registrant a registration number, which is used, *inter alia*, to monitor compliance with the CSA.

17.     DEA is authorized to conduct audits of places where registered persons may hold, manufacture, distribute, dispense, administer, or otherwise dispose of controlled substances.  21 U.S.C. §§ 880, 965; 21 C.F.R. § 1316.03(a)(e)(f).

18.     Every registrant is required to maintain, on a current basis, a complete and accurate record of each substance manufactured, received, sold, delivered, or otherwise disposed. 21 U.S.C. § 827; 21 C.F.R. § 1304.22(a)(2)(i)(iii)(iv).

19.     Relevant here, each registered person shall maintain records for each controlled substance, showing, *inter alia*,  the date of and number of units in each acquisition inventory and the name, address, and registration number of the person from whom the units were acquired.  21 C.F.R. § 1304.22(a)(2)(i)(iii)(iv).

20.     DEA also requires that a purchaser of controlled substances record on DEA Form 222 the quantity of each item and the dates on which the item was received by the purchaser.  21 C.F.R. § 1305.13(e).

21.     Prescriptions for a controlled substance shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address, and registration number of the practitioner. 21 U.S.C. § 829; 21 C.F.R. §§ 1306.01 and 1306.05(a).

22.     As to each dispensed controlled substance, the pharmacist must maintain the original written prescription signed by a practitioner at the registered location. 21 C.F.R. §§ 1306.11(a) (Schedule II controlled substances); 1304.04(h)(2), (4); and 1306.21(a).

23.     The CSA also imposes strict conditions on dispensing controlled substances.  No controlled substance may be dispensed without a written or oral prescription of a practitioner as set forth in 21 U.S.C. § 829.

24.     A practitioner is a person licensed to dispense a controlled substance. 21 U.S.C. § 802(21). See also 21 C.F.R. § 1306.04(a) ("A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. . . . An order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of section 829 and the person knowingly filling such a purported prescription, . . . shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.").

25.     It is unlawful to dispense a controlled substance in violation of section 829. 21 U.S.C. § 842(a)(1).

4

26.     Section 842 of the CSA defines, "Prohibited acts B," and imposes penalties for the

prohibited acts:

> **(a) Unlawful acts**
> It shall be unlawful for any person--
> **(1)** who is subject to the requirements of part C to distribute or dispense a
> controlled substance in violation of section 829 of this title;
>                                        * * *
> **(5)** to refuse or negligently fail to make, keep, or furnish any record,
> report, notification, declaration, order or order form, statement, invoice, or
> information required under [the CSA];
>                                        * * *
> **(c) Penalties**
> **(1)(A)** Except as provided in subparagraph (B), (C), or (D) of this
> paragraph and paragraph (2), any person who violates this section shall,
> with respect to any such violation, be subject to a civil penalty of not more
> than $25,000. The district courts of the United States (or, where there is no
> such court in the case of any territory or possession of the United States,
> then the court in such territory or possession having the jurisdiction of a
> district court of the United States in cases arising under the Constitution
> and laws of the United States) shall have jurisdiction in accordance with
> section 1355 of Title 28 to enforce this paragraph.
> **(B)(i)** Except as provided in clause (ii), in the case of a violation of
> paragraph (5), (10), or (17) of subsection (a), the civil penalty shall not
> exceed $10,000.
>                                        * * *
> **(3)** Except under the conditions specified in paragraph (2) of this
> subsection, a violation of this section does not constitute a crime, and a
> judgment for the United States and imposition of a civil penalty pursuant
> to paragraph (1) shall not give rise to any disability or legal disadvantage
> based on conviction for a criminal offense.

27.     The penalties were adjusted for violations occurring after November 2, 2015, as

follows: The penalty set forth in 21 U.S.C. § 842(c)(1)(A) was increased to $64,820 and the penalty

set forth in 21 U.S.C. § 842(c)(1)(B) was increased to $15,040. Civil Monetary Penalties Inflation

Adjustment, 83 Fed. Reg. 3945, 3946 (January 29, 2018) (to be codified at 28 C.F.R. Pt. 85).

28.     The civil remedies in the CSA help combat the diversion of controlled substances

that are commonly sold and used illegally.

<u>FACTS GIVING RISE TO THIS COMPLAINT</u>

29.    On March 15, 2016, Diversion Investigators with the DEA, along with New Mexico

Board of Pharmacy ("NMBOP"), conducted an on-site inspection of Ready Pharmacy.

30.    The audit period was from May 1, 2014 to March 15, 2016 and included the

following controlled substances:

        o     Oxycodone/APAP 10/325mg tablets
        o     Oxycodone 5mg tablets
        o     Oxycodone 10mg tablets
        o     Oxycodone 15mg tablets
        o     Oxycodone 20mg tablets
        o     Oxycodone 30mg tablets
        o     Amphetamine/salt combo 20mg tablets
        o     Amphetamine/salt combo ER 20mg tablets
        o     Carisoprodol 350mg tablets
        o     Alprazolam 1mg tablets
        o     Alprazolam 2mg tablets
        o     Zolpidem 10mg tablets

31.    Defendant Hurab provided the Ready Pharmacy controlled substance inventory

from May 1, 2014.

32.    DEA, accompanied and assisted by Defendant Hurab, took a physical inventory of

the selected controlled substances on March 15, 2016, at the beginning of business.

33.    Defendant Hurab agreed with the March 15, 2016 physical inventory and signed it.

34.    Ready Pharmacy purchased its controlled substances from Cardinal Health.

35.    Ready Pharmacy returned expired medication to EXP Pharmaceutical Services

Corp. (DEA #RE0190188) ("EXP").

36.    Ready Pharmacy failed to maintain prescriptions for Schedules II-V controlled

substances on site as required by 21 C.F.R. § 1304.04(a)(1).

37.    On March 15, 2016, while DEA investigators were on site, Defendant Hurab

showed the investigators controlled substances that he had in his car.

6

38.     Defendant Hurab informed DEA that he was intending to ship the drugs to EXP.

39.     NMBOP seized the following schedule II - V controlled substances from Defendant Hurab's car:

- o     Burprenorphine HCL, Naloxone HCL, sublingual: qty. 180
- o     Diazepam 10mg/2ml: 9 vials of 2ml
- o     Morphine 4mg/ml: 10 carpuject cartridges
- o     Morphine 4mg/ml: 10 carpuject cartridges
- o     Morphine 4mg/ml: 10 carpuject cartridges
- o     Morphine 10mg/ml: 2 vials of 10ml
- o     Diprivan 10mg/ml: 1 vial of 20ml
- o     Midazolam Syrup 2mg/ml: 34ml
- o     Lorazepam 1mg tablets: 66 tablets
- o     Lorazepam 1mg tablets: 138 tablets
- o     Lorazepam 1mg tablets: 75 ½ tablets
- o     One bottle labeled hydrocodone/apap 7.5/200mg: 11 tablets
- o     Klonopin 1mg ½ tablets: 30 tablets
- o     Ritalin 10mg tablets: 30 tablets
- o     Midazolam Injection 5mg/ml vials: 29 vials

40.     Defendant Hurab allowed his New Mexico Board of Pharmacy Controlled Substance License to expire on October 31, 2013 and his New Mexico Board of Pharmacy Pharmacist/Clinician License to expire on January 31, 2015. Nevertheless, Defendant Hurab continued to write and fill invalid prescriptions.

41.     Ready Pharmacy dispensed two (2) prescriptions prescribed to Defendant Hurab for carisoprodol (Soma) and alprazolam on December 10, 2015. The date on the prescription for Soma and alprazolam had been altered from the original date the prescription was issued.

42.     Additionally, the prescription label affixed to the Soma prescription prescribed to Defendant Hurab showed 30 tablets of carisoprodol (Soma) *350mg* was filled by Ready Pharmacy although the written prescription was for 30 tablets of Soma *250mg*.

43.     Additionally, although the prescription did not allow for refills, Ready Pharmacy refilled the prescription for carisoprodol (Soma) and alprazolam on January 29, 2016 and again

March 11, 2016.

44.     Defendant Hurab filled and refilled these prescriptions at Ready Pharmacy.

45.     The audit revealed the following discrepancies:

| Controlled Substance | Overage/Shortage |
|---|---|
| alprazolam 1mg tablets | -7,695 |
| alprazolam 2mg tablets | -5,914 |
| amphetamine/salt combo ER 20mg tablets | -148 |
| amphetamine/salt combo IR 20mg tablets | +57 |
| carisoprodol 350mg tablets | -5,742 |
| oxycodone 5mg tablets | -175 |
| oxycodone 10mg tablets | -60 |
| oxycodone 15mg tablets | -158 |
| oxycodone 20mg tablets | -256 |
| oxycodone 30mg tablets | -500 |
| oxycodone/acetaminophen 10/325mg tablets | -39 |
| zolpidem 10mg tablets | -5,334 |
| **TOTAL DOSAGE UNITS FOR WHICH THERE IS NO ACCOUNTING** | **26,078** |

Each undocumented dose is a separate violation of 21 U.S.C. § 842(a)(5).

46.     Ready Pharmacy did not maintain Cardinal Health Invoice #1470404 dated October 1, 2015, for alprazolam 2mg., in violation of 21 U.S.C. § 842(a)(5).

47.     Ready Pharmacy failed to maintain 35 controlled substance prescriptions for prescriptions before November 2, 2015.

48.     Ready Pharmacy failed to maintain 5 controlled substance prescriptions for prescriptions after November 2, 2015

49.     Each missing prescription is a separate violation of 21 U.S.C. § 842(a)(5).

50.     Ready Pharmacy failed to record the quantity of controlled substances received and the date received on 40 separate invoices dated before November 2, 2015, as required by 21 U.S.C. 827(a)(3); 21 C.F.R. § 1304.22(a)(2)(i)(ii)(iv).

51.     Ready Pharmacy failed to record the quantity of controlled substances received and

8

the date received on additional 4 invoices dated after November 2, 2015, as required by 21 U.S.C. 827(a)(3); 21 C.F.R. § 1304.22(a)(2)(i)(ii)(iv).

52.     Each record with missing information is a separate violation of 21 U.S.C. § 842(a)(5).

53.     Ready Pharmacy failed to record the quantity received and/or the date received on two DEA 222 order forms dated before November 2, 2015 (dated 2/3/2015, and 2/28/2015), as required by 21 C.F.R. § 1305.13(e).

54.     Ready Pharmacy failed to record the quantity received and the date received on one DEA 222 order form dated after November 2, 2015 (dated 12/29/2015), as required by 21 C.F.R. § 1305.13(e).

55.     Each DEA 222 order form with missing information is a separate violation of 21 U.S.C. § 842(a)(5).

56.     Ready Pharmacy failed to record the patients' address on seven prescriptions for controlled substances (RX#s 406620, 407149, 427138, 423721, 426428, 428193, 428878) before November 2, 2015, as required by 21 U.S.C. § 829; 21 C.F.R. §§ 1306.01 and 1306.05(a).

57.     Each prescription with the patient information missing is a separate violation of 21 U.S.C. § 842(a)(1).

58.     Ready Pharmacy failed to furnish an inventory, DEA 222 order forms, and other required records for the six hundred thirty-five and one-half dosage units of schedule II through V controlled substances found in Defendant Hurab's vehicle on March 15, 2016.

59.     Each undocumented dose of a controlled substance is a separate violation of 21 U.S.C. § 842(a)(5).

60.     Defendant Hurab wrote 88 prescriptions after his license as a pharmacist/clinician

had expired, but before November 2, 2015.  Since Defendant Hurab did not have a valid license, Ready Pharmacy dispensed each of these prescriptions in violation of 21 U.S.C. §§ 829, 842(a)(1).

61.     Defendant Hurab wrote 26 prescriptions after his license as a pharmacist/clinician had expired, and after November 2, 2015.  Since Defendant Hurab did not have a valid license, Ready Pharmacy dispensed each of these prescriptions in violation of 21 U.S.C. §§ 829, 842(a)(1).

62.     On December 10, 2015, Ready Pharmacy filled a prescription issued to Defendant Hurab for carisoprodol (Soma) and alprazolam. The date on the prescription for Soma and alprazolam had been altered.

63.     Alteration of a prescription is a violation of 21 U.S.C. § 842(a)(5).

64.     The same prescription label affixed to the prescription showed 30 tablets of carisoprodol (Soma) *350mg* was filled by Ready Pharmacy although the prescription was written for 30 tablets of Soma *250mg*.

65.     Defendant Hurab filled the prescriptions at Ready Pharmacy.

66.     Ready Pharmacy refilled the same prescription for Defendant Hurab for carisoprodol (Soma) and alprazolam on January 29, 2016 and March 11, 2016, although refills were not authorized by the prescribing practitioner.

67.     Dispensing these controlled substances without a practitioner's prescription is in violation of 21 U.S.C. §§ 829, 842(a)(1).

FIRST CLAIM FOR RELIEF
Controlled Substances Act

68.     The United States re-alleges and incorporates by reference the foregoing allegations.

69.     By virtue of the acts described above, Defendants' actions are violations of 21 U.S.C. 827(a)(3); 21 C.F.R. § 1304.22, 21 U.S.C. § 829; 21 C.F.R. §§ 1306.01 and 1306.05; and

21 U.S.C. § 842(a)(1) & (5).

70.     Defendants are liable for a civil penalty for each occasion on which the defendant

committed a violation.

71.     Defendants are liable to the United States for civil penalties of

o      Up to $10,000 per violation for violations of 21 U.S.C. § 842(a)(5)
occurring before November 2, 2015;

o      Up to $15,040 per violation for violations of 21 U.S.C. 842(a)(5)
occurring after November 2, 2015;

o      Up to $25,000 per violation for violations of 21 U.S.C. § 842(a)(1)
occurring before November 2, 2015;

o      Up to $64,820 per violation for violations of 21 U.S.C. § 842(a)(1)
occurring after November 2, 2015;

PRAYER FOR RELIEF

WHEREFORE, the United States demands judgment against Defendants as follows:

A.      Civil penalties in an amount not to exceed $10,000 per violation for each violation

of 21 U.S.C. § 42(a)(5) occurring before November 2, 2015;

B.      Civil penalties in an amount not to exceed $15,040 per violation for each violation

of 21 U.S.C. 842(a)(5) occurring after November 2, 2015;

C.      Civil penalties in an amount not to exceed $25,000 per violation for each violation

of 21 U.S.C. § 842(a)(1) occurring before November 2, 2015;

D.      Civil penalties in an amount not to exceed $64,820 per violation for each violation

of 21 U.S.C. § 842(a)(1) occurring after November 2, 2015; and

E.      For such other relief at law and at equity as the Court deems just and reasonable.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney


*/s/ Ruth F. Keegan by*
*filing on 12/20/19 via CM/ECF*
Ruth Fuess Keegan
Assistant United States Attorneys
District of New Mexico
P.O. Box 607 Albuquerque,
NM 87103 505-346-7274
Ruth.F.Keegan@usdoj.gov

JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Mahmood Hurab, R.PH., Sylvia Tellez, C. PH.T., and Ready Pharmacy I, Inc. |
| **(b)**  County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant     Dona Ana<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Ruth Fuess Keegan<br>Assistant United States Attorney, District of New Mexico<br>P.O. Box 607, Albuquerque, NM 87103, 505-346-7274 | Attorneys *(If Known)* |

| II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* | |
|---|---|---|---|

*(For Diversity Cases Only)* and One Box for Defendant)

| | | | | | **PTF** | **DEF** | | | | **PTF** | **DEF** |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒ 1 | U.S. Government<br>Plaintiff | ☐ 3 | Federal Question<br>*(U.S. Government Not a Party)* | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | | | ☐ 4 | ☐ 4 |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | | | ☐ 5 | ☐ 5 |
| | | | | Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br> (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br> Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |
|---|---|---|---|---|---|---|

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>21 U.S.C. §§ 801-971 |
|---|---|
| | Brief description of cause:<br>Violation of the Controlled Substances Act |

| VII.  REQUESTED IN<br>COMPLAINT: | ☐   CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:     ☐ Yes     ☒ No |
|---|---|---|---|

| VIII.  RELATED CASE(S)<br>IF ANY | *(See instructions):*<br>JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE<br>12/20/2019 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.